UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GREGORY WHITE,**

    Plaintiff,

v.                                                                 Case No.  8:06-cv-316-T-TBM

**JO ANNE B. BARNHART,**
**Commissioner of the United States**
**Social Security Administration,**

    Defendant.
_____/

## O R D E R

THIS MATTER is before the court on **Defendant's Motion to Dismiss Plaintiff's Complaint for Writ of Mandamus and Declaratory Relief** (Doc. 17-1).  By her motion, the Commissioner seek an Order dismissing Plaintiff's Complaint for Writ of Mandamus under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  As grounds, the Commissioner argues that the court is without subject matter jurisdiction and that Plaintiff has not demonstrated a clear right to mandamus relief, that the Commissioner has failed to perform a duty or that he has no other avenue for relief.  Plaintiff filed a response (Doc. 19).

The undisputed facts establish that Plaintiff was found eligible for Supplemental Security Income Benefits between 1981-1997.  By September 30, 1989, the Plaintiff had acquired enough credits through part time work to be insured for Disability Insurance Benefits.

By Plaintiff's petition, he argues that his application for SSI benefits was implicitly an application for disability insurance benefits and that he was entitled to disability insurance benefits from September 30, 1989, until 2004, when he first learned that he had enough credits for Disability Insurance Benefits. See (Doc. 1-1 ¶¶ 5-8). Plaintiff alleges that he requested payment of these benefits by letters from his attorney to the Social Security Administration (hereinafter "SSA") dated July 23, 2004; October 7, 2004; October 26, 2004; January 27, 2005; April 15, 2005; June 7, 2005; and June 28, 2005. See (Doc. 1-2). Plaintiff further alleges that the SSA has failed to respond to these letters. By the instant action, Plaintiff seeks an issuance of a Writ of Mandamus compelling the Commissioner to calculate and pay benefits to Plaintiff.

By the instant motion to dismiss, the Commissioner argues that judicial review of claims arising under the Social Security Act is only permitted in accordance with 42 U.S.C. § 405(g) and as limited by section 405(h), and mandamus jurisdiction is inappropriate in cases such as this. The Commissioner also argues that, at any rate, that mandamus relief is not warranted, since Plaintiff has not demonstrated a clear right to relief, there was no failure in the duty to act by the Commissioner, and Plaintiff has failed to exhaust all other avenues of relief. The Commissioner contends that counsel for the SSA has invited Plaintiff's counsel to contact the Regional Chief Counsel Office for assistance. Additionally, the Commissioner advises the Commissioner has created a Special Disability Workload Cadre to identify individuals such as Plaintiff, who initially filed for SSI under title XVI but at some point attained insured statues under title II, and to resolve their claims. In response to the court's

Order to Show Cause (Doc. 18), Plaintiff accepts these representations of the Commissioner and clarifies that he does not seek a substantive determination from the court but instead an order directing the Commissioner to make a determination within a time certain.

The Mandamus Act, 28 U.S.C. § 1361, grants the district court original jurisdiction over an action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Id. Mandamus is available as a remedy to a plaintiff if (1) he has exhausted all other avenues of relief and (2) the defendant owes him a clear nondiscretionary duty. Heckler v. Ringer, 466 U.S. 602, 616-17 (1984) (citing Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402-03 (1976); United States *ex rel.* Girard Trust Co. v. Helvering, 301 U.S. 540, 543-44 (1937)); Lifestar Ambulance Serv., Inc. v. United States, 365 F.3d 1294, 1295 (11th Cir. 2004). "[M]andamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." See Cash v. Barnhart, 327 F.3d 1252, 1257 (11th Cir. 2003) (quoting Carter v. Seamans, 411 F.2d 767, 773 (5th Cir. 1969)). Although a writ of mandamus is a legal remedy, the court should consider equitable principles and exercise judicial discretion in issuing a writ. Cash, 327 F.3d at 1257-58 (quoting Carter, 411 F.2d at 773). As the Commissioner concedes, neither the Supreme Court nor the Eleventh Circuit has yet to decide whether 42 U.S.C. § 405(h) precludes the assertion of mandamus jurisdiction over claims against the Commissioner.

Assuming that the court has the jurisdiction to entertain Plaintiff's Complaint for Writ of Mandamus, the court finds in its discretion that the issuance of a writ is not warranted in this case. First, it is clear that Plaintiff has not exhausted his administrative remedies.

Second, the court accepts, as does Plaintiff, the veracity of the Commissioner's representations concerning the SSA's efforts to identify claimants such at the Plaintiff and to resolve their claims.  Significantly, it appears that the SSA is working actively to resolve Plaintiff's claims and is in contact with Plaintiff's counsel regarding same.  Therefore, the circumstances of this case are not sufficiently compelling or ripe to warrant the extraordinary remedy of mandamus.

Accordingly, it is **ORDERED** that **Defendant's Motion to Dismiss Plaintiff's Complaint for Writ of Mandamus and Declaratory Relief** (Doc. 17-1) is **GRANTED**. The Clerk is directed to terminate all pending motions and close the file.

**Done and Ordered** in Tampa, Florida, this 5th day of December 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record